IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY OWEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:26-CV-1919-D |
| | § | |
| THE HERTZ CORPORATION and HERTZ VEHICLES LLC, | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

This is an action by plaintiff Jerry Owen ("Owen") against defendants The Hertz Corporation and Hertz Vehicles LLC (collectively, "Hertz"), arising from an automobile accident. Hertz moves to dismiss Owen's claim for negligence *per se* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons that follow, the court grants the motion and also grants Owen leave to replead.

I

Owen sues Hertz based on claims arising from a July 2024 car accident that occurred while Owen and his wife were driving a Hertz rental vehicle.[1] According to Owen's first

[1]The court construes Owen's first amended complaint in the light most favorable to Owen as the nonmovant, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in Owen's favor. *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

amended complaint ("complaint"), the vehicle's "rear tires . . . [were] both at or below zero tread depth[.]" Am. Compl. (ECF No. 9) ¶ 3.7. As a result, "the [v]ehicle became uncontrollable, striking a guardrail, spinning 360 degrees, and striking a concrete wall, causing two tires to go off the ground." *Id.* ¶ 3.9. Owen and his wife suffered injuries. *Id.* ¶ 3.11. Thereafter, Owen brought the instant suit alleging claims for negligence/negligence *per se*, negligent training and supervision, gross negligence, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act.

Hertz now moves to dismiss the negligence *per se* claim under Rule 12(b)(6), contending that neither of the Texas penal statutes specified in the complaint can support such a claim. Owen opposes the motion as to one of the predicate statutes—Tex. Transp. Code Ann. § 547.004(a)(1) (West 2022)–but "does not oppose dismissal" as to the other—§ 547.612. P. Resp. (ECF No. 17) at 4.[2] The court is deciding the motion on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the] plaintiff['s] amended complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (final alteration in

[2]Because Owen "does not oppose" dismissal, P. Resp. (ECF No. 17) at 4, the court grants Hertz's motion to dismiss the negligence *per se* claim insofar as it is based on § 547.612.

original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

The court considers Owen's negligence *per se* claim to the extent that it is based on Tex. Transp. Code Ann. § 547.004(a)(1).

A

Negligence *per se* applies when the courts have determined that the violation of a particular statute is negligence as a matter of law. *See Parrott v. Garcia*, 436 S.W.2d 897, 900 (Tex. 1969); *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997). "In such a case, ... [t]he

statute itself" provides the standard of care by "stat[ing] what a reasonable, prudent person would have done." *Bent v. Mackie Wolfe Zientz & Mann, P.C.*, 2013 WL 4551614, at *5 (N.D. Tex. Aug. 28, 2013) (Fitzwater, C.J.) (alterations in original) (quoting *Jackson v. Kim*, 2004 WL 6040969, at *3 (E.D. Tex. Sept. 27, 2004)). Conversely, "[w]here a statute incorporates the ordinarily prudent person standard, negligence *per se* does not apply because the statute does not establish a specific standard of conduct different from the common-law standard of ordinary care." *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 456 (Tex. App. 2002, pet. denied); *Perry v. S.N.*, 973 S.W.2d 301, 306 (Tex. 1998).

"Courts assess whether a . . . statute incorporates the reasonably prudent standard by examining whether 'the statute imposes a conditional duty' instead of 'an absolute duty.'" *Agee v. Hartford Accident and Indem. Co.*, 2023 WL 4595195, at *5 (N.D. Tex. July 18, 2023) (Fish, J.) (quoting *Miranda-Lara v. Rebert*, 2020 WL 5099968, at *4 (Tex. App. Aug. 31, 2020, no pet.) (mem. op.)). "When a statute mandates [persons] to exercise their own judgment . . . the statute reflects an ordinary standard of care and negligence *per se* is not applicable." *Id.* Generally, a statute is conditional when it includes language like "take all . . . actions reasonably necessary[,]" "drive . . . practical[ly]," or "proceed[] only when it is safe." *Leon v. Sears, Roebuck & Co.*, 2012 WL 3702950, at *2 (N.D. Tex. Aug. 28, 2012) (Fitzwater, C.J.) (examining Tex. Lab. Code Ann. § 411.103 (West 2006)); *Pun v. Jones*, 2024 WL 3504553, at *4 (N.D. Tex. July 22, 2024) (Fitzwater, J.) (examining Tex. Transp. Code Ann. § 545.060 (Vernon 2023)); *Agee*, 2023 WL 4595195, at *5-6.

By contrast, "when a statute requires all" persons to follow a specific standard of

conduct, "without any discretion," the statute defines an absolute duty and negligence *per se* applies. *Agee*, 2023 WL 4595195, at *5 (applying negligence *per se* based on a statute requiring "compl[iance] with traffic-control devices"); *Dabney v. Home Ins. Co.*, 643 S.W.2d 386, 388 (Tex. 1982) (applying negligence *per se* based on a statute that criminalized street racing); *Murray v. O & A Exp., Inc.*, 630 S.W.2d 633, 637 (Tex. 1982) (applying negligence *per se* based on a statute that required "warning blinkers" and "reflectors" for stopped trucks). Accordingly, in the instant case, if § 547.004(a)(1) imposes a duty that is based on an individual's judgment, it is conditional and cannot be the basis for a negligence *per se* claim.

B

The court holds that § 547.004(a)(1)[3] is conditional and cannot form the basis of a negligence *per se* claim.[4]

Section 547.004(a)(1) provides, in pertinent part:

> (a) A person commits an offense that is a misdemeanor if the person operates or moves or, as an owner, knowingly permits another to operate or move, a vehicle that:
> (1) is unsafe so as to endanger a person;

[3]While § 547.004(a) contains additional subsections (2) and (3), the court only considers § 547.004(a)(1). Hertz maintains that the remainder of the statute is inapplicable to the tire conditions at issue here. D. Br. (ECF No. 12) at 3, n.1. Owen has not responded to Hertz's contention, and the court agrees with Hertz at this stage of the case.

[4]Hertz's sole basis for its motion to dismiss the negligence *per se* claim as to § 547.004 is that it "incorporates an ordinary person standard." D. Br. (ECF No. 12) at 4. Therefore, the court does not consider the other factors described in *Perry*, 973 S.W.2d at 307.

*Id.* Owen alleges that Hertz violated § 547.004(a)(1) because it "knowingly permitt[ed]" Owen to operate a vehicle with tires that were "unsafe so as to endanger" Owen and his wife. Am. Compl. (ECF No. 9) ¶ 4.4. So far as this court is aware, it is a matter of first impression whether § 547.004(a)(1) "establish[es] a specific standard of conduct different from the common-law standard of ordinary care."[5] *Supreme Beef*, 67 S.W.3d at 456; *but see Williams v. Mutia*, 2021 WL 3729312, at *6 (Tex. App.—Houston [1st Dist.] Aug. 24, 2021, no pet.) (stating that the plaintiff "cited no case imposing a negligence duty based on . . . Tex. Transp. Code. §§ . . . 547.004[,]" but not reaching ultimate issue because the plaintiff "presented no summary-judgment evidence of the condition of [the] vehicle[.]").

On its face, whether a person has violated § 547.004(a)(1) turns on whether the vehicle in question is "unsafe so as to endanger a person." *Id.* But the statute neither specifies conditions that meet this "unsafe" standard nor does it provide concrete guiding principles. *See id.* The absence of such specificity in § 547.004(a)(1) "mandates [persons] to exercise their own judgment" as to whether a vehicle is unsafe so as to endanger a person. *See Agee*, 2023 WL 4595195, at *5.

---

[5]In the absence of a binding decision of the Supreme Court of Texas, this court "must make an 'Erie-guess,' i.e., a prediction of how the Supreme Court of Texas would resolve the issue if presented with the same case." *Charalambopoulos v. Grammer*, 2015 WL 390664, at *5 (N.D. Tex. Jan. 29, 2015) (Fitzwater, J.) (citing *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010)). In making an *Erie*-guess, "a federal court is bound by an intermediate state appellate court decision unless 'convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Kunkel v. D.R. Horton - Tex., Ltd.*, 2005 WL 8158381, at *3 (N.D. Tex. Aug. 3, 2005) (Fitzwater, J.) (quoting *First Nat'l Bank of Durant v. Trans Terra Corp. Int'l*, 142 F.3d 802, 809 (5th Cir. 1998)).

The high level of discretion present in § 547.004(a)(1) is dissimilar from instances where negligence *per se* does apply, such as when a statute criminalizes allowing an unlicensed driver to operate a vehicle. *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex. 1979). Such penal statutes criminalize *specific* conduct. *See S. Pac. Co. v. Castro*, 493 S.W.2d 491, 494 (Tex. 1973) (requiring drivers to stop for oncoming trains); *and Dabney*, 643 S.W.2d at 388 (criminalizing street racing); *and Murray*, 630 S.W.2d at 637 (requiring "warning blinkers" and "reflectors" for stopped trucks). But § 547.004(a)(1) does not "establish a specific standard of conduct" because it relies on the conditional term "unsafe." *Supreme Beef*, 67 S.W.3d at 456.

Moreover, Texas courts have reached similar conclusions when considering analogous federal regulations concerning vehicle safety. In *Omega Contracting, Inc v. Torres* the Fort Worth Court of Appeals considered whether negligence *per se* applied under two federal regulations, one "requir[ing] a motor carrier to maintain motor vehicles 'in *safe* and proper operating conditions'" and the other requiring "a driver to '[b]e satisfied that the motor vehicle is in *safe* operating condition.'" *Omega Contracting, Inc. v. Torres*, 191 S.W.3d 828, 843 (Tex. App.—Fort Worth 2006, no pet.) (emphasis added) (alteration in original) (interpreting 49 C.F.R. § 396.3 and § 396.13). Both regulations turned on safety, i.e., the condition of the vehicles, but gave no specific guidelines. *Id.* Therefore, the court held that "[d]etermining what is or is not safe . . . bears practically no difference from determining what is or is not reasonable." *Id.* (quoting *Supreme Beef*, 67 S.W.3d at 458); *Rayner v. Claxton*, 659 S.W.3d 223, 251 (Tex. App.—El Paso 2022, no pet.) (referencing same); *see*

*also Supreme Beef*, 67 S.W.3d at 458 (holding that federal regulation requiring tools to be "safe" cannot be the basis for a negligence *per se* instruction).

As in *Omega*, whether § 547.004(a)(1) has been violated turns on whether a vehicle is "unsafe." But without a "specific standard of conduct[,]" "[d]etermining what is or is not safe" in the circumstances of the Hertz rental vehicle "bears practically no difference from determining what is or is not reasonable." *Omega*, 191 S.W.3d at 842-843. Therefore, § 547.004(a)(1) "mandat[ed]" Hertz "to exercise [its] own judgment." *Agee*, 2023 WL 4595195, at *5. This cannot be the basis for a negligence *per se* claim.[6] *Id.*

C

Owen maintains that § 547.004(a)(1) is distinguishable from *Agee* (the case on which Hertz relies) and other similar decisions because it concerns the "objective, pre-existing physical condition of equipment" rather than "judgment call[s] made in traffic." P. Resp. (ECF No. 17) at 5. Under Owen's reading, the principles informing *Agee* are inapplicable here because § 547.004(a)(1) "does not simply instruct a person to be careful[.]" P. Resp. (ECF No. 17) at 5. The court disagrees.

The principles that underlie decisions like *Agee* extend beyond the immediate context of whether drivers were "driv[ing] . . . practical[ly]," or acting "safely." *Jones*, 2024 WL

[6]This conclusion aligns with the general reticence to extend negligence *per se* to instances where the Supreme Court of Texas has not clearly spoken. *See Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 180 (5th Cir. 2018) ("Texas courts rarely imply a civil tort duty from a criminal statute."); *Praesel v. Johnson*, 967 S.W.2d 391, 395 (Tex. 1998) ("the 'mere fact that the Legislature adopts a criminal statute does not mean this court must accept it as a standard for civil liability'" (quoting *Carter*, 584 S.W.2d at 278)).

3504553, at *4; *Agee*, 2023 WL 4595195, at *5-6. Instead, these decisions turned on whether the statute "establish[ed] a *specific* standard of conduct[.]" *Jones*, 2024 WL 3504553, at *3 (emphasis added). With a proper focus on specificity, the question whether a vehicle is "unsafe so as to endanger a person" is in the instant case as non-specific as whether a driver could "safely stop" in *Agee*, 2023 WL 4595195, at *5-6. Furthermore, as in *Omega* and *Supreme Beef*, whether the penal statute focuses on the "objective condition of equipment" rather than on individual conduct is not a meaningful distinction. *Omega*, 191 S.W.3d at 843 (concerning vehicle conditions); *Supreme Beef*, 67 S.W.3d at 458 (concerning tool conditions); P. Resp. (ECF No. 17) at 5. Accordingly, the court holds that § 547.004(a)(1) cannot be the basis for a negligence *per se* claim, and it dismisses Owen's claim for negligence *per se.*

IV

Although the court is granting Hertz's motion to dismiss, it will grant Owen leave to replead. *See, e.g.*, *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.). There is no indication that Owen cannot, or is unwilling to, cure the defects that the court has identified. And Owen has expressly requested leave to amend. Accordingly, the court will grant Owen 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.

* * *

For the reasons explained, the court dismiss Owen's negligence *per se* claim and grants him leave to replead.

**SO ORDERED**.

October 19, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE